**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KEESHA-MARIA ASHANTI, The
Honorable,

Plaintiff - Appellant,

v.

SUPREME COURT OF NEW
MEXICO; JUDICIAL
PERFORMANCE EVALUATION
COMMISSION,

Defendants - Appellees.

No. 01-2220
D.C. No. CIV-01-513 BB
(D. New Mexico)

ORDER AND JUDGMENT   *

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

Plaintiff is an elected New Mexico County Court judge who was ordered by

the New Mexico Supreme Court to attend a mid-year-evaluation interview,

pursuant to that state's Judicial Performance Evaluation Program.  When Judge

Ashanti refused to participate in the interview unless her attorney was allowed to

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

accompany her, the state Supreme Court issued an order holding her in contempt of court. In response, Judge Ashanti filed an action in federal district court challenging both the contempt order and the state's judicial evaluation procedure. But because the contempt order is a judicial decision of the state's highest court, and Judge Ashanti's general constitutional challenges to the judicial evaluation procedure are inextricably intertwined with the state court decision, we agree with the district court that it lacked jurisdiction. Thus, we affirm the district court's dismissal for lack of subject matter jurisdiction. [1]

## I.

The New Mexico Supreme Court, which has superintending control of that state's inferior courts, established a Judicial Performance Evaluation Program and created a Judicial Performance Evaluation Commission ("Commission") to administer the program. The rules promulgated by the Commission allow it to conduct judge interviews as official sources of information in evaluating the professional performance of a judge standing for retention. The evaluation program also provides for mid-term evaluation of judges, which is conducted half

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

way through a judge's term of office, for the purpose of improving the judge's performance.

Pursuant to the evaluation program, the Commission scheduled an interview with Judge Ashanti. She came to the interview with two observers, one of whom was an attorney, and asked that they be allowed to attend the interview. The Commission, however, declined to conduct the interview in the presence of the observers, and the interview was rescheduled. Thereafter, Judge Ashanti corresponded with the Commission through her attorney, questioning the necessity of an interview in the mid-term evaluation process and stating her refusal to participate in the interview without counsel. As a result, the Commission sought and received a Writ of Superintending Control from the New Mexico Supreme Court, directing Judge Ashanti to attend the interview. Again Judge Ashanti's attorney wrote to the Commission, restating her refusal to be interviewed without counsel. The Commission then filed a motion requesting an order to show cause why Judge Ashanti should not be held in contempt of court for failing to comply with the court's previous order. Judge Ashanti responded to the motion, and, after holding a hearing, the New Mexico Supreme Court issued an Order of Contempt against Judge Ashanti for failing or refusing to comply with the Writ of Superintending Control. The order specified several

requirements for purging the contempt, including appearing at the interview without counsel or witnesses.

In response to the contempt order, Judge Ashanti filed an action in federal district court, requesting injunctive relief requiring the Commission to allow Judge Ashanti's counsel to attend her interview. She also asked that the district court declare the Commission's interview-and-recommendation process unconstitutional, or, in the alternative, that the court set objective standards to be used when interviewing and recommending judges. The district court dismissed the complaint because it determined that it lacked jurisdiction based on the Supreme Court's decision in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). We review that determination de novo. *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998).

II.

The Supreme Court held in *Feldman* that a federal district court has no jurisdiction to review final state-court determinations made in judicial proceedings. 460 U.S. at 476. Review of those determinations "resides exclusively in the United States Supreme Court." *Razatos v. Color. Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984). Further, federal review of constitutional claims is also prohibited if the claims are "inextricably intertwined" with a state court judicial proceeding. *Feldman,* 460 U.S. at 483-84 n.16, 486-87.

-4-

This is so because if claims are inextricably intertwined with the state court's order in the judicial proceeding, then the federal court "is in essence being called upon to review the state court decision." *Id.* at 483-84 n.16.

We must determine if the circumstances of this case preclude federal review under *Feldman*, and we begin by looking at the relief sought in the complaint. Judge Ashanti seeks injunctive relief that would effectively overturn the New Mexico Supreme Court's order of contempt against her–clearly a challenge to that state court order. She also seeks a declaration that the state's judicial evaluation program is unconstitutional or, in the alternative, she requests injunctive relief requiring the Commission to set objective interview-and-recommendation standards. Because we are prohibited from reviewing determinations made in state court orders that arise from judicial proceedings, our first task is to determine if the contempt proceeding before the New Mexico Supreme Court was judicial in nature. And, if we agree with the district court that it was, we must then determine if Judge Ashanti's constitutional claims are inextricably intertwined with that judicial proceeding.

A.

"[I]t is a question of federal law whether a particular proceeding before another tribunal was truly judicial for purposes of ascertaining the jurisdiction of a federal court." *Id.*, 460 U.S. at 476 n.13 (quotation omitted). And "the nature

of a proceeding depends not upon the character of the body but upon the character of the proceedings." *Id.* at 477 (quotation omitted).

Judge Ashanti maintains that the state contempt proceeding was administrative in nature, rather than judicial. Like the district court, we disagree. The contempt proceedings involved a judicial inquiry, "in which the [New Mexico Supreme Court] was called upon to investigate, declare, and enforce 'liabilities as they [stood] on present or past facts and under laws supposed already to exist.'" *Id.* at 479 (quoting *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226 (1908)). Judge Ashanti's refusal to participate in the interview without her attorney required the New Mexico Supreme Court to consider her position and legal arguments in light of existing law and determine if she should be held in contempt for refusing to appear unless the Commission permitted her attorney to attend. *See id.* at 480. The proceedings were not administrative: the court did not engage in rulemaking. *See id* at 479. The proceedings were not legislative: the court did not "'look to the future and chang[e] existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.'" *Id.* (quoting *Prentis*, 211 U.S. at 226). And the proceedings were certainly not simply ministerial. In short, the state court adjudicated Judge Ashanti's claim of a present right to have an attorney present during her mid-term interview–"the essence of a judicial proceeding." *Id.* at 481. Because the contempt order arose

from judicial proceedings, the district court lacked jurisdiction to review the state court's decision.

B.

In addition to challenging the result of the contempt proceedings, Judge Ashanti also mounted a constitutional challenge to the judicial evaluation program. So we must determine if the constitutional claims are inextricably intertwined with the state judicial proceeding. If they are, then the district court would, in essence, be reviewing the New Mexico Supreme Court's contempt decision, a task that is beyond its jurisdiction. *See Razatos*, 746 F.2d at 1433 (citing *Feldman*).

The crux of Judge Ashanti's claim is her objection to being interviewed without her attorney present. In order to resolve Judge Ashanti's constitutional challenges to the evaluation program, "the district court would have to go beyond mere review of the state rule *as promulgated*, to an examination of the rule *as applied* by the state court to the particular factual circumstances of [this] case." *Id.* It is not possible to address Judge Ashanti's challenge to the evaluation program without implicating the state court's decision that she be compelled to attend the interview without witnesses. Consequently, her constitutional

-7-

challenge is inextricably intertwined with the state judicial proceedings, and the district court was correct in holding it lacked jurisdiction. [2]

### III.

The district court lacked jurisdiction to consider Judge Ashanti's challenge to the New Mexico Supreme Court's order of contempt. And because her general constitutional challenge to the evaluation program is inextricably intertwined with the state court's judicial contempt proceeding, the district court also lacked jurisdiction over those claims. We AFFIRM the district court's dismissal of the complaint for lack of jurisdiction.

Entered for the Court


Robert H. Henry
Circuit Judge

---

[2]    In her brief on appeal, Judge Ashanti states that she mounted a general constitutional challenge to the evaluation procedure over which the district court had jurisdiction. We disagree. Although Judge Ashanti referred to a general constitutional attack, she failed to sufficiently identify for the district court, in either her complaint or her response to the motion to dismiss, a general constitutional challenge unrelated to her assertion that she be allowed to have counsel present at her interview.